**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CASEY D.,

Plaintiff,

-v- 5:26-CV-281 (AJB/DJS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On February 23, 2026, plaintiff Casey D.[1] ("plaintiff") filed this action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

The matter was referred to U.S. Magistrate Judge Daniel J. Stewart for a Report & Recommendation ("R&R"). Dkt. No. 4. Judge Stewart granted plaintiff's IFP Application, Dkt. No. 8, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 10, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 12, 15, 16.

On October 1, 2026, Judge Stewart advised by R&R that: (1) plaintiff's motion should be

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

denied; (2) the Commissioner's motion should be granted; (3) the Commissioner's final decision should be affirmed; and (4) plaintiff's complaint should be dismissed. *See* Dkt. No. 17.

Plaintiff has lodged objections. Dkt. No. 18. There, plaintiff contends that the ALJ improperly rejected the more restrictive portions of PA Aird's and Dr. Nolan's opinions and that, as a result, the RFC was not based on substantial evidence. Dkt. No. 18 at 2. Although plaintiff acknowledges that Judge Stewart considered and rejected this argument, plaintiff contends that the ALJ's support for this determination was inadequate. *Id.* at 2–4. Further, plaintiff argues that the ALJ failed to obtain certain records from Dr. Chi. *Id.* at 4. According to plaintiff, the ALJ's failure to do so ran afoul of a previous remand order in this benefits claim. *Id.* at 4–6. In response, the Commissioner argues that plaintiff's objections "merely rehash arguments which were properly considered and rejected" by Judge Stewart. Dkt. No. 20 at 2.

Upon *de novo* review, Judge Stewart's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636. In particular, the Court has reviewed the R&R's analysis of the contested opinions of PA Aird and Dr. Nolan and concludes that Judge Stewart correctly determined that the ALJ applied the appropriate body of law and supported his conclusions with substantial evidence. As to plaintiff's claims about non-compliance with the remand order, the Court agrees that, as the R&R emphasized, the ALJ discharged his duty—he took other steps to further develop the record on remand and, after additional developments, reasonably relied on plaintiff's counsel's representation at a supplemental hearing that the record was complete.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 17) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;
4. The Commissioner's final decision is AFFIRMED; and
5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: November 5, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge